## MERRITT JORDAN, Petitioner.

A " fraudulent conveyance," which, by *St.* 1844, *c.* 178, § 9, is made a cause for proceeding against an insolvent debtor under *St.* 1838, *c.* 163, includes not only a conveyance which, by the common law and the *Sts.* of Elizabeth, is fraudulent and void as to creditors, but also a conveyance made with intent to give a preference to a preëxisting creditor, which is made void, as to the other creditors, by *St.* 1841, *c.* 124, § 3.

To authorize the issuing of a warrant, under *St.* 1844, *c.* 178, to seize the estate of a debtor, on the ground of his having made a fraudulent conveyance by way of preference, it must be shown, 1st, that the debtor was insolvent, or contemplated proceedings in insolvency, at the time of making the conveyance, and that he made it with a view of giving a preference to a preëxisting creditor; 2d, that he then had no reasonable cause to believe himself solvent ; and 3d, that the creditor, at the time of receiving the conveyance, had reasonable cause to believe the debtor was insolvent : And the burden of proving the first and third of these propositions is on the creditor who petitions for the issuing of the warrant.

The allegations in a petition for the issuing of a warrant to seize the estate of a debtor, under the insolvent laws, though made on oath, as required by *St.* 1844, *c.* 178, § 9, are not to be received as evidence, on the hearing of the petition ; nor can the debtor be called upon to testify, without his consent, on the preliminary question whether he shall be adjudged an insolvent.

THIS was a petition, praying that a warrant, issued by a master in chancery, against the petitioner, under the insolvent law, might be superseded.

It appeared that the said warrant issued on the petition of Gideon L. Knapp, a creditor of said Jordan, in which it was alleged that said Jordan, on the 15th of May 1845, being insolvent, or in contemplation of insolvency, made a fraudulent conveyance, by mortgage, of all his property that was liable to attachment, to N. M. & L. L. Bradbury, preëxisting creditors of said Jordan, for the purpose of giving them a prefer-. ence, they having reasonable cause to believe, when accepting said preference, that he was insolvent.   The said Knapp made oath that he believed the allegations in his said petition to be true, and the master thereupon ordered notice to be given to said Jordan, that he might appear and show cause why a warrant should not issue, &c.   He appeared and filed a plea denying that there was any just ground for said petition, &c. It appeared in evidence before the master, that said Jordan, on the 14th of May 1845, permitted a note for $276·75, due from him to said Knapp, and payable on that day, and which was lodged in a bank for collection, to be protested for non-payment, and that he, on the following morning, made a mortgage of his furniture, and all his stock in trade, to N. M. & L. L. Bradbury, to secure his note to them for $1500, payable in sixty days.   Other evidence was introduced by said Knapp ; but said Jordan introduced no evidence.   The master issued a warrant directing the estate and effects of said Jordan to be seized ; assigning the reasons stated in the margin.*

*Park*, for the petitioner.

*Brigham, contra.*

---

* On hearing this case, my opinion is as follows : The *facts* in the petition being verified by oath, and otherwise partially confirmed by legal evidence, or the respondent's admissions, and there being no sworn denial or rebutting evi dence on the part of the respondent, the same appear to me to be true.   I do not, however, include among the *facts* the allegation that the respondent " has made a *fraudulent* conveyance or transfer of his property ; " the fraud being rather an inference from the facts, than a specific fact in itself.

The question before me is, whether the transfer by the respondent of his stock in trade and furniture, made, after his note had been dishonored, to secure a preëxisting debt to a creditor acquainted with his circumstances, is a

SHAW, C. J.    The statutes of 1838, *c.* 163, 1841, *c.* 124, and 1844. *c.* 178, on the subject of insolvency, being made *in pari materiâ,* and constituting one system of proceedings, must be taken and construed together.   Under these statutes, the question is, whether the petitioner, Jordan, was liable to be adjudged an insolvent debtor on the petition of a creditor, under § 19, of *St.* 1838, *c.* 163.   The *St.* of 1844, *c.* 178, § 9, in addition to the several causes for proceeding *in invitum* against a person as an insolvent debtor, includes the following ; viz.  " if any person shall make any fraudulent conveyance or transfer of his property, or any part thereof."   It was under this provision that the petitioner was adjudged insolvent ; and the question is upon its true construction.

fraudulent conveyance or transfer, within the meaning of § 9 of *St.* 1844. *c.* 178.

The petitioner contends that it is fraudulent, as being contrary to the policy of the insolvent law, and forbidden by its express provisions.

The respondent, on the other hand, contends that, in order to bring the debtor within the involuntary process of the insolvent law, it is necessary to aver or prove that he made the conveyance " in contemplation of his becoming insolvent, *and* of obtaining a discharge under the provisions " of *St.* 1838, *c.* 163, § 10.   This was undoubtedly the law under that statute, and it was under it that the case of *Gorham* v. *Stearns* was decided, 1 Met. 367 ; but the law has been altered by the subsequent *St.* of 1841, *c.* 124, § 3, which now provides, that if the debtor, " being insolvent *or* in contemplation of insolvency," shall give a preference to a preëxisting creditor, he shall forfeit his discharge, and that the conveyance shall be void, if the preferred creditor has reasonable cause to believe the debtor insolvent.

The respondent's act is, therefore, clearly contrary to the provisions of the insolvent law, as now amended.   The present policy of the insolvent system of Massachusetts is the equitable division of an insolvent debtor's effects among his creditors, and is, in this particular, in harmony with the English bankrupt system.   The provision in the English bankrupt law (1 Jac. 1, *c.* 15 ; 6 Geo. 4, *c.* 16,) is nearly the same with that of our law of 1844.   In both systems, " a fraudulent conveyance " by the debtor is made the ground for issuing a commission or warrant.   Now, in England, it has been held, for nearly a century, that a transfer, by a trader, of his property, is *per se* fraudulent and an act of bankruptcy.   See 1 Christian on Bankrupt Law, (2d ed.) 123, *&* *seq.*   *Worseley* v. *De Mattos,* 1 Bur. 467.   *Wilson* v. *Day,* 2 Bur. 827.

In analogy with these cases, I am of opinion that the preference given by the debtor, in the present case, (however well intended,) was, by construction of law, " fraudulent ; " and that a warrant must, accordingly, issue against his estate.

To make one an involuntary insolvent under *St.* 1844, on the ground of having made a fraudulent conveyance, there must be something more than an intent, on the part of the debtor, to give a preference. A fraudulent conveyance implies some fraudulent purpose, knowledge or assent, in both parties. *Bridge* v. *Eggleston,* 14 Mass. 250. Still, what is to be deemed a fraudulent conveyance, within this statute, is not to depend on the old *Sts.* of 13 and 27 Eliz., which did not avoid payments or conveyances in satisfaction of an actual debt, but, on the contrary, allowed any preference, provided only that the conveyance was made to satisfy or secure a real debt. They were such conveyances as were intended to defraud all creditors, and to secure the property to the grantor himself, or to some one not a *bonâ fide* creditor. But under the present laws of this Commonwealth, a conveyance must be deemed fraudulent, if made to defeat the full and fair operation of the insolvent laws ; and this may be ascertained by the application of these laws, as a test. The *St.* of 1841, *c.* 124, § 3, provides " that no certificate of discharge shall be granted, or, if granted, it shall be of no effect, if a debtor, within six months before the filing of the petition by or against him, being insolvent, *or* in contemplation of insolvency, shall, directly or indirectly, make any assignment, sale, transfer or conveyance, either absolute or conditional, of any part of his estate, real or personal, intending to give a preference to a preëxisting creditor, or to any person who is, or may be, liable as indorser or surety for such debtor, unless said debtor shall make it appear that, at the time of making such preference, he had reasonable cause to believe himself solvent ; " and such preferences are declared void, and the assignees are authorized to recover the full value of the property transferred, " provided the creditor, when accepting such preference, had reasonable cause to believe such debtor was insolvent." Here the avoidance of the discharge is not made to depend on the debtor's contemplation of proceedings under the insolvent laws, but on the fact of being actually insolvent, unless he had reason to believe himself solvent ; of which the

burden of proof is placed on him. In this respect, this statute has changed the law, since the decision of *Gorham* v. *Stearns*, 1 Met. 366. This statute not only avoids the debtor's discharge under these circumstances, but declares the conveyance void; and this, manifestly, because it is in plain violation of the law, and a fraud upon the other creditors.

The court are therefore of opinion that, in order to authorize the master to issue a warrant against a debtor, on the application of a petitioning creditor, under the *St.* of 1844, on the ground that such debtor has made a fraudulent conveyance, he must be satisfied of the following facts: 1. That the debtor was insolvent, in fact, or contemplated proceedings in insolvency, at the time that he made the conveyance, and that he did it with a view of giving a preference to a preëxisting creditor. 2. That he then had no reasonable cause to believe himself solvent. 3. That the creditor, at the time of receiving the conveyance, had reasonable cause to believe the debtor insolvent.

The burden of proof of the first and third propositions is upon the petitioning creditor, and he must prove them by competent evidence. The allegations in the petition, although sworn to by the petitioning creditor, as required by *St.* 1844, *c.* 178, § 9, are not to be received as evidence on the hearing; the effect of the petition under oath being only to authorize the master to hear the case. And we think the debtor cannot be called on to testify, without his own consent, upon the preliminary question, whether he should be adjudged an insolvent. After the master has acquired jurisdiction of the party and of the subject, after the regular institution of the proceedings, he has full power to examine the debtor on oath. As the master appeared to rely, in rendering his judgment, on the allegations in the petition, and the want of a sworn denial by the debtor, the court are of opinion that the issuing of the warrant should be superseded and the proceedings be remitted to the master for further hearing.